R. M. KINCHELVE, ET AL. *v.* A. D. HILL'S ADMR., ET AL.

**Accounting of Trustee.**

When a husband owns slaves and dies leaving a family of children
and a widow, and the widow marries again and the slaves are kept
in the control and used by the second husband and his wife and for
the support of the children, their petition after more than twenty
years seeking to force their stepfather to account as trustee for the
use of such slaves will be dismissed by the chancellor.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 4, 1883.

OPINION BY JUDGE PRYOR:

We deem it unnecessary to construe the provisions of the trust
deed, as we are satisfied regardless of any interest the children of
Mrs. Kinchelve might have had in the slaves that they are not en-
titled to recover. These negroes embracd by the deed of trust were
in the possession of Mrs. Kinchelve's first husband, and controlled
by him no doubt with the permission of the trustee, and in the year
1853 when his widow married A. D. Hill she was in the possession.

Mrs. Kinchelve had by her first husband seven children, three of

whom are still living, and four of them were alive when this last marriage took place. The negroes were kept on the place used and controlled by the step-father, Hill, for the benefit of the family, and this was no doubt permitted by the trustee, all parties regarding such a course necessary for the proper support of the mother and children, and now, after the lapse of twenty-five years or more, the children of Hill by the marriage with Mrs. Kinchelye, or Hill's estate is sought to be made liable for this hire upon the ground that Hill was a trustee and must account. If the real trustee named in the conveyance permitted the use for the support of the family, and this the court will presume after such a lapse of time, then no recovery can be had, and if no such agreement was made the statute is well pleaded, as the trustee could not at any time have recovered the possession of the slaves or their hire. The chancellor will not inquire as to the services rendered by the children after so many years, when their mother, who was certainly entitled to the use of some of the slaves, in conjunction with their step-father, has reared and educated them, and has never surrendered her interest in certain real estate after her second husband's death that these children might have comfortable homes. Her second husband was no doubt a thrifty and prosperous man, but this is no reason why he should account for the hire of these slaves for services rendered more than twenty years before this suit was brought. He seems to have taken much interest in the children; to have expended money for their benefit when he was under no legal obligation to do so, and to provide for their wants in many ways that commends his conduct to the consideration of the chancellor, in passing upon such a stale claim as the one before us.

It is said, however, that one of the slaves was sold many years ago, and that the purchaser, failing to pay the purchase-money, his land was sold under a judgment and purchased by Hill, and that he has never accounted for the money. The action was in the name of the trustee and the claim was satisfied. The presumption is that the money was paid by Hill, or if not was applied by the direction of the trustee for the use of the family. It is in proof that when Hill married the mother of appellant she was involved in debt; that these debts were paid by her husband, and with such a helpless family the husband could not have been more than compensated for his atten-

tion and care of them for so many years.   The chancellor acted properly in dismissing the petition.

Judgment *affirmed.*

*Williams & Powers, for appellants.*

*W. N. Sweeney & Son, Owen & Ellis, for appellees.*

